UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EDMAR FRANCISCO DWE SOUZA,

Petitioner,

v.

PETER SUKMANOWSKI, *in his official capacity as Acting Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement*, et al.,[1]

Respondents.

**DECISION AND ORDER**

1:26-CV-02047-EAW

Petitioner Edmar Francisco Dwe Souza ("Petitioner") is a civil immigration detainee alleging that he is being detained in United States Immigration and Customs Enforcement ("ICE") custody pending removal proceedings in violation of the United States Constitution. (Dkt. 1). He seeks relief under 28 U.S.C. § 2241. (*Id.*). Petitioner is being held at the Buffalo Federal Detention Facility in Batavia, New York. (*Id.* at ¶ 1).

The Second Circuit issued a decision in *da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), holding that noncitizens who are present in the United States after entering without inspection and admission and who were not apprehended at or near the border at the time

[1] Peter Sukmanowski is the Acting Field Office Director of the Buffalo Field Office of the United States Immigration and Customs Enforcement and thus is substituted as Respondent in place of James Bausch pursuant to Federal Rule of Civil Procedure 25(d). The Clerk of Court is directed to update the docket to reflect this substitution.

of entry are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead are subject to detention under section 1226(a). In addition, this Court issued Decisions and Orders in *Ivonin v. Rhoney, et al.*, No. 6:25-CV-06673 EAW, 2026 WL 199283 (W.D.N.Y. Jan. 26, 2026) and *Ab-Rahim v. Marich*, No. 6:26-CV-06005-EAW, 2026 WL 279113, at *1 (W.D.N.Y. Feb. 3, 2026), holding that the detention of noncitizens following expiration of parole is also governed by 8 U.S.C. § 1226(a), and not § 1225(b)(2). Respondents acknowledge that the rulings in the identified cases concern the same or similar challenges to the government policy or practice at issue in the instant petition and would direct the same outcome in this matter entitling Petitioner to a bond hearing. (Dkt. 4).

Accordingly, for the reasons articulated in the aforementioned decisions, the petition is granted to the extent that Petitioner seeks a bond hearing, and a bond hearing shall be conducted in accordance with the following terms:

1. Petitioner shall be granted a bond hearing before an immigration judge ("IJ") <u>on or before October 6, 2026</u>. If Petitioner requests a continuance that results in a bond hearing date outside this deadline, such a continuance will comply with this Order as long as the new date falls within a reasonable time period.

2. After considering the balancing test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Court concludes that the government shall have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Nany v. Blanche et al.*, No. 1:26-CV-01187-EAW, 2026 WL 1842635, at *4-5 (W.D.N.Y. June 26, 2026) (Court's analysis of *Mathews* factors under similar circumstances to this case, which applies equally here); *Lieogo v. Freden*, No. 6:25-CV-06615 EAW, 2025 WL 3290694, at

*4-5 (W.D.N.Y. Nov. 26, 2025) (same). In deciding whether the government has met its burden of proof, the IJ must consider whether less-restrictive alternatives to detention can reasonably address the government's interest in Petitioner's continued detention.

3. If the IJ finds that the government has not met its burden, then in setting any bond the IJ must consider Petitioner's ability to pay and alternative conditions of release.

4. Thus, in order to continue Petitioner's detention after any bond hearing, the IJ must find by clear and convincing evidence and make findings that no condition or combination of conditions of release can reasonably ensure Petitioner's appearance and the safety of the community—that is, even with conditions, Petitioner presents an identified and articulable risk of flight or a threat to another person or the community.

5. Respondents are directed to file a status update with the Court on or before October 8, 2026.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: September 29, 2026
Rochester, New York